

```
wonlee.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334
```

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

APR 1 5 2008 R.D.

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00020 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| WON YIEL LEE, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, WON YIEL LEE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging him with Conspiracy to Distribute more than 50 Grams Net Weight of Methamphetamine Hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2(a) The defendant, WON YIEL LEE, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of drug trafficking and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which he is pleading guilty. Cooperation will also include complying with all reasonable instructions from

-1-

the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

(d) Except as otherwise herein provided, and in particular in Paragraph 11 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

-2-

Case 1:08-cr-00020   Document 32   Filed 04/15/2008   Page 2 of 8

3. The defendant, WON YIEL LEE, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of his drug trafficking shall be surrendered to the United States or any lawful agency as may be directed by the Court.

4. The defendant, WON YIEL LEE, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in drug trafficking and money laundering activities and his knowledge of other person's involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5. The defendant, WON YIEL LEE, understands that the <u>maximum</u> sentence for Conspiracy to Distribute more than 50 Grams Net Weight of Methamphetamine Hydrochloride, in violation of Title 21, United States Code, § 841(a)(1), is a term of life imprisonment, with a mandatory minimum term of ten (10) years incarceration, a $4,000,000 fine and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional five (5) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) The United States agrees that the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1. Accordingly, the United States will request the court to depart below the mandatory ten-year sentence, as is authorized by Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole

-3-

discretion deems appropriate. Defendant acknowledges that the United States has made no promise as to the amount of a departure the government may recommend.

(c) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided substantial assistance which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

>    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;
>
>    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;
>
>    (3) the nature and extent of defendant's assistance;
>
>    (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and
>
>    (5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

(f) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Conspiracy to Distribute 50 or more grams net weight of methamphetamine hydrochloride (ice), pursuant to 21 U.S.C. §§ 841(a)(1) and 846, the government must prove each of the following elements beyond a reasonable doubt:

-4-

>First: During the dates charged in the indictment, there was an agreement between two or more persons to commit the crime of distribution of at least 50 grams net weight of a controlled substance;
>
>Second: the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

To establish the offense of Distribution of more than 50 grams net weight of methamphetamine hydrochloride, the government must prove each of the following elements beyond a reasonable doubt:

>First: the defendant knowingly delivered more than 50 grams net weight of methamphetamine hydrochloride (ice);
>
>Second: the defendant knew that it was methamphetamine hydrochloride (ice) or some other prohibited drug.

7. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1935, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) On October 4, 2007, Naoyuke Inoue and Yun Kim Soon (Sandy) traveled to Los Angeles for the purpose of purchasing two kilograms of ice from the defendant. During the course of their stay in Los Angeles, they met with defendant and paid him approximately $80,000 cash. In return, defendant delivered to them two kilograms net weight of methamphetamine hydrochloride(ice), which Inoue carried back to Guam.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing

Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.

10. The defendant understands that his sentencing may be continued, at the discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

-6-

11. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under

-7-

oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 4-15-08

WON YIEL LEE
Defendant

DATED: 15 April 08

STEPHANIE FLORES
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 4/15/08        By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 4/15/08

JEFFREY J. STRAND
First Assistant U.S. Attorney