IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00020 |
| Plaintiff-Respondent, | CIVIL CASE NO. 12-00009 |
| vs. | **ORDER AND OPINION RE:** |
| WON YIEL LEE, | **§ 2255 MOTION** |
| Defendant-Petitioner. | |

Before the court is Defendant-Petitioner Won Yiel Lee's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("the Motion" or "§ 2255 Motion") and Motion to Appoint Counsel for 28 U.S.C. § 2255 Habeas Petition. ECF Nos. 317, 318.[1] After reviewing the parties' briefs, and relevant cases and statutes, the court hereby **DENIES** both Motions for the reasons stated herein.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 16, 2008, Won Yiel Lee ("Petitioner") pleaded guilty to one count of Conspiracy to Distribute More than 50 Grams Net Weight of Methamphetamine Hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 33. The written plea agreement recognized Petitioner's substantial assistance and provided that "the United States will request

---

[1] For ease of reference, all ECF numbers referred to herein correspond to Criminal Case No. 08-00020 unless otherwise noted.

the court to depart below the mandatory ten-year sentence, as is authorized by Title 18, United States Code, § 3553(e)[.]" Plea Agreement ¶ 5(b), ECF No. 32.

On April 9, 2008, Petitioner was released on personal recognizance provided that he appear at all proceedings as required and to surrender for service of any sentence imposed. ECF No. 29. On April 18, 2008, the court amended the release order, permitting Petitioner to return to Los Angeles during the pendency of the case and requiring him to report to the U.S. Pretrial Service Office in Los Angeles. ECF No. 34.

On April 14, 2009, the Government moved for a departure from the mandatory term of ten years incarceration and the Guidelines level due to Petitioner's substantial assistance. ECF No. 150. The court granted the motion. ECF No. 156. Sentencing was scheduled for April 15, 2009, but Petitioner failed to appear and a bench warrant was issued. ECF Nos. 157.

On July 18, 2011, Petitioner was brought before the court for his initial appearance upon execution of the warrant. ECF No. 263. On November 30, 2011, the Government withdrew its motion for substantial assistance departure. ECF No. 292. On December 5, 2011, Petitioner appeared before the court for sentencing. ECF No. 294. The Probation Officer reported that Petitioner's total offense level was 38, which included a two-level enhancement for obstruction of justice due to Petitioner's absconding from pretrial supervision prior to sentencing. Presentence Report at 10, ECF No. 293. With a total offense level of 38 and criminal history category of I, the guideline imprisonment range was 235 to 293 months. *Id*. at 13. The court sentenced Petitioner to the mandatory statutory minimum of ten years imprisonment. ECF No. 295.

## II. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255

by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner claims he was provided ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. To succeed on such a claim, Petitioner must establish: (1) that counsel's conduct was deficient, and (2) that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1986). To demonstrate deficiency by counsel, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Then Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner argues that he suffered ineffective assistance because defense counsel principally failed to: (1) raise the issue of the Government's alleged breach of the plea agreement; (2) object to the two-point increase in the offense level for obstruction of justice; and (3) consult with Petitioner regarding a possible appeal. *See* Pet'r's Mot., ECF No. 317. The court will address each of Petitioner's claims in turn.

1. **Defense Counsel's Performance**

    a. **Failure to Raise the Government's Alleged Breach of Plea Agreement**

Petitioner contends that he suffered ineffective assistance when counsel failed to raise the issue of the Government's alleged breach of the plea agreement. Pet'r's Mot. at 5, ECF No. 317. Petitioner claims that the Government breached the plea agreement by withdrawing its motion

for downward departure pursuant to U.S.S.G. § 5K1.1.[2] *Id.*

The plea agreement provides in relevant part:

> The United States agrees that the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1. Accordingly, the United States will request the court to depart below the mandatory ten-year sentence, as is authorized by Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guideline 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant…

Plea Agreement ¶ 5(b), ECF No. 32. However, the plea agreement also states that if Petitioner "should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or *engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement.*" *Id.* ¶ 8 (emphasis added).

Petitioner failed to appear for sentencing, which is criminal conduct in violation of 18 U.S.C. § 3146(a)(1). Thus, in accordance with the provisions of Petitioner's plea agreement, the Government was no longer bound by its obligations under said agreement, including its promise to request the court to depart below the mandatory ten-year sentence pursuant to U.S.S.G. § 5K1.1. Counsel did not act unreasonably by failing to raise the Government's alleged breach of the plea agreement since the Government, in fact, did not breach the agreement. Consequently, this claim is denied.

### b. Failure to Challenge Sentencing Enhancement for Obstruction of Justice

Petitioner also claims that counsel rendered ineffective assistance when he did not object to the two-level enhancement for obstruction of justice. Pet'r's Mot. at 6, ECF No. 317. The Sentencing Guidelines provide:

---

[2] The provision states: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instance offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (2008). The Sentencing Guidelines further provide that the enhancement applies to "willfully failing to appear, as ordered, for a judicial proceeding." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.4(e) (2008).

Here, Petitioner failed to appear for sentencing, and U.S.S.G. § 3C1.1 clearly is applicable to such conduct. Therefore, counsel did not act unreasonably by failing to challenge the two-level enhancement for obstruction of justice, and this claim is denied.

### c. Failure to Consult with Petitioner Regarding Possible Appeal

Petitioner's third ground for ineffective assistance of counsel is that counsel failed to consult with him regarding a possible appeal of the court's sentence. Pet'r's Mot. at 8, ECF No. 317. In *Roe v. Flores-Ortega*, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. 470, 480 (2000).

Here, a rational defendant would not have wanted to appeal because there appear to be no nonfrivolous grounds for appeal. Because Petitioner failed to appear at sentencing, the Government was no longer required to satisfy its obligation to move for a downward departure and thus did not breach the plea agreement. Petitioner's conduct also undoubtedly warranted a two-level enhancement for obstruction of justice. The guideline range of imprisonment was 235 to 293 months, but Petitioner was sentenced to the minimum sentence of ten years (120 months) as mandated by statute. As there could not have been a more favorable outcome in this

circumstance, a rational defendant would not have wanted to appeal.

Although Petitioner never "expressly stated to counsel that he did want to pursue an appeal or did not want to pursue an appeal," Petitioner claims that he reasonably demonstrated to counsel that he wanted to pursue an appeal "by vehemently contesting the factual issues that led to his upward departure throughout the district court's proceedings at sentencing." Pet'r's Mot. at 8a, 8c, ECF No. 317. Petitioner also asserts that there was no discussion with counsel regarding an appeal. Taking Petitioner's allegations as true and assuming vehement dispute of the factual issues during sentencing sufficiently demonstrated to counsel that Petitioner was interested in an appeal, counsel had a duty to consult with Petitioner and did not satisfy his obligation.

### 2. Prejudice

As stated above, assuming Petitioner's allegations are true, counsel's failure to consult with Petitioner regarding an appeal was deficient. However, even if counsel's conduct was deficient, Petitioner has not satisfied the second *Strickland* prong, which requires Petitioner to show that counsel's deficient performance so prejudiced him that the result of the proceeding is unreliable. 466 U.S. at 687. To establish prejudice in the context of an attorney's failure to consult with his client regarding an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. The Supreme Court further elaborated that "[t]o prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id*. at 486.

In *United States v. Sandoval-Lopez*, the Ninth Circuit held that there was ineffective assistance of counsel when counsel refused to file an appeal after an express request by the

defendant, even though "[a]n appeal would most probably have been dismissed because it had been waived. Had it not been dismissed, we are in the dark about how Sandoval-Lopez could have prevailed. And, if he were to prevail and get a new trial on his original indictment for possession of heroin for purposes of distribution, his odds seem high of spending much more time in the federal penitentiary than the seven years his lawyer worked out for him." 409 F.3d 1193, 1197 (9th Cir. 2005). However, the court noted that "[m]ere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal." *Id*. at 1198.

Here, Petitioner alleges he reasonably and sufficiently demonstrated to counsel his interest in an appeal. Yet this allegation alone is not sufficient to establish prejudice—that there is a reasonable probability that Petitioner would have filed an appeal after consulting with counsel. Similar to *Sandoval-Lopez*, Petitioner received a sentence that was significantly below the recommended guideline range and the court cannot identify any nonfrivolous grounds for direct appeal. However, Petitioner did not expressly indicate to counsel to file an appeal, which the Ninth Circuit recognized would lead to a different result than it reached in *Sandoval-Lopez*. The instant case is more akin to a situation in which "a defendant expresses some interest in appealing but would have been talked out of it if his counsel had explained the unwisdom of such a decision." *Sandoval-Lopez*, 409 F.3d at 1198. Petitioner has failed to allege facts demonstrating that but for counsel's failure to consult, he would have filed an appeal. Consequently, Petitioner has failed to show prejudice and his claim of ineffective assistance of counsel is **DENIED**.

**B. EVIDENTIARY HEARING**

The court should grant a request for an evidentiary hearing in a § 2255 proceeding "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As discussed above, Petitioner has failed to allege

facts that, if true, would entitle him to relief. Accordingly, an evidentiary hearing is **DENIED**.

### C. MOTION TO APPOINT COUNSEL

The court has discretion to appoint counsel in § 2255 proceedings when "the interests of justice so require and [the prisoner] is financially unable to obtain representation." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (citing 18 U.S.C. § 3006A(g)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). As Petitioner has failed to allege facts that would entitle him to relief, the Motion to Appoint Counsel is **DENIED**.

## III. CONCLUSION

Based upon the foregoing, the court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and **DENIES** the Motion to Appoint Counsel.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Sep 25, 2013**